**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

BRYAN EDWARD SLAYTON,
Reg # 11196-074                                                                                           PLAINTIFF

v.                                            2:15CV00085-KGB-JJV

MARTINEZ, Warden, FCC
Forrest City; *et al.*                                                                                  DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. INTRODUCTION

Bryan Edward Slayton ("Plaintiff") filed this *Bivens*[1] action *pro se* and pursuant to 42 U.S.C. § 1983 (Doc. No. 2).[2] He alleges that Defendants violated his constitutional rights by housing him in the Special Housing Unit ("S.H.U."), depriving him of an opportunity to face his accuser at a disciplinary hearing, unlawfully searching and seizing his possessions, and generally depriving him of due process. (*Id*. at 6-8.) After review of Plaintiff's Complaint, the Court finds that he has failed to state a claim upon which relief may be granted.

### II. SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).

---

[1] In *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Court held that victims of constitutional violations by federal agents have a right to recover damages against them in federal court, just as 42 U.S.C. § 1983 provides redress for constitutional violations by state officials. *See also Hartman v. Moore*, 547 U.S. 250, 255 n.2 (2006) (explaining that "a *Bivens* action is the federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983").

[2] Plaintiff has also attached an exhausted Administrative Tort Claim to his Complaint. (Doc. No. 2 at 9-11.) He does not characterize this action as one proceeding under the Federal Tort Claims Act, however.

The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact-finding process for the resolution of disputed facts." *Id.*

### III.   ANALYSIS

Plaintiff alleges that Defendant Lloyd searched and seized contraband from his person, prompting disciplinary action against him. (Doc. No. 2 at 6.) He alleges that he was placed in the S.H.U. from April 4, 2014, to May 2, 2014, pending his disciplinary hearing. (*Id*.) On May 2, 2014, Plaintiff was found guilty and sentenced to thirty days in the S.H.U., loss of forty-one good conduct days, 180 days without commissary, and prohibited from using his music player. (*Id*.) He claims that Defendants violated his rights insofar as they did not count the time he had already spent in the S.H.U. toward his sentence and that this additional time amounts to cruel and unusual punishment. (*Id*.) He also claims that the search and seizure which prompted the disciplinary proceedings violated his rights under the Fourth Amendment. (*Id*. at 8.) Finally, he argues that his disciplinary

hearing did not comport with due process insofar as he was not allowed to confront Defendant Lloyd and he was not afforded sufficient time to confer with his "Assistance of Counsel" in preparation for the hearing. (*Id.*) For the reasons stated hereafter, the Court finds that none of these allegations state a viable claim.

### A. Unreasonable Search and Seizure

While the Fourth Amendment does protect inmates against unreasonable searches and seizures, their expectation of privacy is far lower than that of other individuals. *Levine v. Roebuck*, 550 F.3d 684, 687 (8th Cir. 2008). Here, Plaintiff did not provide any detail as to how Defendant Lloyd conducted the search and seizure in question. As such, it is unclear whether the contraband in question was discovered during a search of Plaintiff's cell or his body. The United States Supreme Court has held that "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." *Hudson v. Palmer*, 468 U.S. 517, 526 (1984). With respect to an inmate's body, however, the United States Court of Appeals for the Eighth Circuit has held that "prison inmates are entitled to Fourth Amendment protection against unreasonable searches of their bodies." *Levine*, 550 F.3d at 687. It is unclear whether Plaintiff's body was subjected to such an unreasonable search. If he believes he was, he may include those details in his objections to this recommendation. Absent such allegations, the Court will recommend dismissal of his Fourth Amendment claims.

### B. Additional Time Spent in Segregation

Plaintiff's allegation that the additional time he spent in the S.H.U. constitutes cruel and unusual punishment is without merit. Housing in disciplinary segregation, even for periods substantially longer than two months, does not implicate the Eighth Amendment. *See Brown v. Nix*, 33 F.3d 951, 952, 955 (8th Cir. 1994) (holding that nine years of disciplinary segregation did not

violate the Eighth Amendment).

To the extent Plaintiff claims that this additional time violated his due process rights, that claim also fails. Prisoners have no constitutionally protected liberty interest in the conditions of their confinement unless those conditions impose an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Courts have held that being placed in administrative or disciplinary segregation does not invoke such a hardship. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) ("We have consistently held that a demotion to segregation, even without cause, is not itself an atypical and significant hardship.").

### C. Adequacy of Disciplinary Hearing Procedure

Plaintiff's claims related to the adequacy of the procedure afforded him at his disciplinary hearing also fail. Inmates are entitled to some due process protections in the prison setting, but they are limited in scope. When good time is revoked, as it was here, they must be given: (1) advanced written notice of the disciplinary violation; (2) an opportunity to call witnesses and present a defense; and (3) a written statement detailing the evidence relied upon by the fact finders and the rationale for the disciplinary action assessed against the inmate. *Dible v. Scholl*, 506 F.3d 1106, 1110 (8th Cir. 2007). Plaintiff does not allege that any of these items or opportunities were denied him. Rather, he claims that he was not allowed to face his accuser and was not afforded a reasonable amount of time to prepare for the hearing with his "Assistance of Counsel." (Doc. No. 2 at 8.) Facing one's accuser is not one of the procedural protections afforded inmates in disciplinary hearings. *Wolff v. McDonnell*, 418 U.S. 539, 567-568 (1974). Additionally, it is unclear to whom Plaintiff is referring as "Assistance of Counsel," but in any event, inmates are not entitled to counsel at disciplinary hearings. *See Baxter v. Palmigiano*, 425 U.S. 308, 315 (1976). As such, no constitutional claim may arise from limited preparation time with any retained counsel.

### D. Restoration of Good Conduct Time

Lastly, insofar as Plaintiff seeks restoration of good conduct time and those credits would entitle him to a speedier release, his claims should also be dismissed. *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973) (the sole remedy for a prisoner seeking restoration of good time credits in federal court is a writ of habeas corpus).

### IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[3]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

Dated this 19th day of June, 2015.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[3] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."