# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

BRYAN EDWARD SLAYTON
REG # 11196-074                                                                                                    PLAINTIFF

v.                        Case No. 2:15-cv-00085-KGB-JJV

MARTINEZ, Warden,
FCC-Forrest City, *et al.*                                                                                      DEFENDANTS

## ORDER

The Court has received the Proposed Findings and Recommendations ("Recommendations") submitted by United States Magistrate Judge Joe J. Volpe (Dkt. No. 4). In its July 2, 2015, Order, the Court granted plaintiff Bryan Slayton's motion to extend time, giving Mr. Slayton until July 24, 2015, to file objections to the Recommendations (Dkt. No. 7). Mr. Slayton's objections were not received until July 29, 2015 (Dkt. No. 8). However, Mr. Slayton did include July 24, 2015, as a "notice date" on his objections, which the Court construes as meaning he filed, or attempted to file, his objections with the prison within the deadline. He also included a certificate of mailing with his objections, which was dated July 24, 2015 (Dkt. No. 8, at 4).

The Court considers Mr. Slayton's objections as timely filed under the "prison mailbox rule." *Houston v. Lack,* 487 U.S. 266 (1988). At least one other federal district court in the Eighth Circuit has applied the prison mailbox rule under similar circumstances, and other circuits have explicitly held that the prison mailbox rule should apply to objections to a Magistrate Judge's Report and Recommendations. *Okeayainneh v. Star Tribune Media Co., LLC*, No. 12-CV-2200 PJS/JSM, 2012 WL 6051527, at *1 (D. Minn. Dec. 5, 2012); *Thompson v. Rasberry*, 993 F.2d 513, 515 (5th Cir. 1993).

After carefully considering the objections and making a *de novo* review of the record in this case, the Court adopts in part and denies in part Judge Volpe's Recommendations. The Court rejects the Recommendations as to Mr. Slayton's Fourth Amendment claim against Mr. Lloyd (Dkt. No. 4, at 4-5) and as to the adequacy of his disciplinary hearing (Dkt. No. 4, at 5). For all other claims, the Court adopts the Recommendations that the complaint should be dismissed without prejudice.

1.  **Screening**

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Id.* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. N.D. Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002). The Court also must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

2.  **Unreasonable Search and Seizure**

In his proposed findings and recommendations, Magistrate Judge Volpe found that Mrs. Slayton's complaint was ambiguous as to whether the contraband at issue was discovered during

a search of Mr. Slayton's cell or his body (Dkt. No. 4, at 4). Judge Volpe noted that Mr. Slayton would clearly not have a claim for an unreasonable search of his cell but could have a claim for an unreasonable search of his body. Accordingly, he directed Mr. Slayton to include any details about an unreasonable search of his body in his objections.

In his objections, Mr. Slayton does allege that his body was improperly searched (Dkt. No. 8, at 1). He claims that on April 4, 2014, defendant Lloyd and three unnamed officers confronted him. Mr. Slayton alleges that Mr. Lloyd[1] asked for his identification information and escorted him to the prison's receiving and discharge area, where he claims that "the entire staff" was in the room. According to Mr. Slayton, Mr. Lloyd performed a pat down search and then ordered him into a different area normally used for prisoners to change clothes when entering or leaving the facility. Mr. Slayton claims that the room was very unsanitary. At this point, Mr. Slayton and Mr. Lloyd were alone in the room, based on Mr. Slayton's allegations. There were no cameras or other officers present. Mr. Lloyd ordered him to remove his clothing, and after he was fully nude, Mr. Lloyd conducted a visual search, which included having Mr. Slayton lift his scrotum and bend over and spread his buttocks. Mr. Lloyd ordered Mr. Slayton to remain nude while he searched his clothing. Mr. Slayton claims he was told the search resulted in the discovery of paper apparently smelling of marijuana.

Mr. Slayton claims that, on the date the search occurred, he had no contact with the outside world. He also claims that a strip search for drugs is unnecessary, as there is a "million dollar" machine "in R&D" that can x-ray the body to detect narcotics. It is unclear to the Court whether Mr. Slayton's use of "R&D" refers to the receiving and discharge area or to something else.

---

[1] Defendant Lloyd's first name is not provided in the complaint, but Mr. Slayton refers to him as being male (Dkt. No. 8, at 1).

Mr. Slayton, a prison inmate, is protected by the Fourth Amendment against unreasonable searches of his body. *Levine v. Roebuck*, 550 F.3d 684, 687 (8th Cir. 2008). He alleges that Mr. Lloyd violated this right by conducting a "visual body cavity search." *Story v. Foote*, 782 F.3d 968, 970 (8th Cir. 2015).

Visual body cavity searches are unquestionably invasive, but they are not necessarily unconstitutional. The Fourth Amendment only prohibits unreasonable searches. *Goff v. Nix*, 803 F.2d 358, 363 (8th Cir. 1986). For inmates, the Supreme Court has gone so far as to uphold the use of visual body cavity searches even where corrections officials lacked probable cause to believe the inmate was concealing contraband. *Bell v. Wolfish*, 441 U.S. 520, 558-60 (1979). However, the Court also recognized that "on occasion a security guard may conduct the search in an abusive fashion" and that such "abuse cannot be condoned. The searches must be conducted in a reasonable manner." *Id.* at 560.

A search's constitutionality depends on "balancing of the need for the particular search against the invasion of personal rights that the search entails." *Id.* at 559. "Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Id.*

Weighing the factual allegations in favor of Mr. Slayton, the Court finds that he has stated a claim to relief that is plausible on its face. Prison officials must conduct visual body cavity searches in a reasonable manner. At this stage of the proceedings, reviewing the allegations in Mr. Slatyon's complaint and his objections, the Court determines that Mr. Slayton's claim regarding the search survives; there is an insufficient factual record at this stage to determine whether the search was reasonable. *Mills v. White*, 364 F. App'x 308, 309-10 (8th Cir. 2010). For example, one of the factors this Court must weigh is the justification for

initiating the search. *Wolfish*, 441 U.S. at 559. Mr. Slayton claims that the search was "without cause," and the record before the Court provides no reason for why the search occurred (Dkt. No. 8, at 1). Commonly, the justification for visual body cavity searches is preventing the introduction of contraband through visitation or discovering contraband already smuggled into the facility. *Goff*, 803 F.2d at 364-65. In this case, Mr. Slayton claims that, on the date of the search, he had no contact with the outside world. He also claims that he has never used drugs. It is plausible that this Court could find that initiating a visual body cavity search was unjustified. Accordingly, dismissal of Mr. Slayton's Fourth Amendment claims at the screening stage is premature.

In his complaint, Mr. Slayton requests damages for the alleged violation of his Fourth Amendment rights from Mr. Lloyd but also from separate defendants Martinez, Reed, and Relvas (Dkt. No. 2, at 8). In his complaint and objections, Mr. Slayton only states a plausible claim upon which relief may be granted against Mr. Lloyd. Therefore, the Court dismisses his claim for damages based on the visual body cavity search against all defendants other than Mr. Lloyd.

### 3. Adequacy of the Disciplinary Hearing

In his Proposed Findings and Recommendations, Judge Volpe correctly noted that, at his disciplinary hearing, Mr. Slayton was entitled to: "(1) advanced written notice of the disciplinary violation; (2) an opportunity to call witnesses and present a defense; and (3) a written statement detailing the evidence relied upon by the fact finders and the rationale for the disciplinary action assessed against the inmate." *Dible v. Scholl*, 506 F.3d 1106, 1110 (8th Cir. 2007); *see also Espinoza v. Peterson*, 283 F.3d 949, 951 (8th Cir. 2002) (finding that inmates in federal prisons are entitled to the same protections under the Due Process Clause). In his

objections, Mr. Slayton claims that he was not allowed to call witnesses (Dkt. No. 8, at 2). Taking that assertion as true as this Court is required to do at this stage of the proceeding,[2] Mr. Slayton has stated a claim for a due process violation, and the Court will not dismiss at this stage that claim. However, the Court adopts the Recommendations and therefore dismisses Mr. Slayton's claims alleging violations based on the Confrontation Clause and the Right to Counsel (Dkt. No. 4; at 5).

### 4. Conclusion

It is so ordered that:

1. Mr. Slayton's claim against Mr. Lloyd for an alleged violation of his Fourth Amendment rights is not dismissed at this stage of the proceedings. However, Mr. Slayton's claims under the Fourth Amendment against separate defendants Martinez, Reed, and Relvas are dismissed without prejudice.

2. Mr. Slayton's claim that his due process rights were violated because he was denied the opportunity to call witnesses at his disciplinary hearing is not dismissed at this stage of the proceedings.

3. In all other respects, the Court adopts the Recommendations.

Dated this 6th day of January, 2016.

_Kristine G. Baker_
Kristine G. Baker
United States District Judge

---

[2] The Court notes that Mr. Slayton's claim is contradicted by an attachment enclosed with his objections. On pages 1 and 2 of the Discipline Hearing Officer Report, the hearing officer indicated that Mr. Slayton waived his right to call witnesses (Dkt. No. 8, at 9-10).