IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

BRYAN EDWARD SLAYTON,                                                                                    PLAINTIFF
Reg # 11196-074

v.                                        2:15CV00085-KGB-JJV

MARTINEZ, Warden, FCC
Forrest City; *et al.*                                                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form

1

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I. INTRODUCTION**

Bryan Edward Slayton ("Plaintiff") brought this *Bivens*[1] action *pro se* and pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) He alleges Defendant Jeremy Lloyd[2] violated his Fourth Amendment rights by conducting an unreasonable search of his person.[3] (*Id*. at 6-8.) Now, Defendant Lloyd has filed a Motion for Summary Judgment ("Motion") seeking dismissal of this claim. (Doc. No. 27.) Plaintiff has not responded to the Motion and the deadline for doing so has passed.

**II. SUMMARY JUDGMENT STANDARD**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the

---

[1] In *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Court held that victims of constitutional violations by federal agents have a right to recover damages against them in federal court, just as 42 U.S.C. § 1983 provides redress for constitutional violations by state officials. *See also Hartman v. Moore*, 547 U.S. 250, 255 n.2 (2006) (explaining that "a *Bivens* action is the federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983").

[2] The docket currently lists this defendant simply as "Lloyd." I will recommend the Clerk of Court alter the docket to reflect his full name.

[3] All other Defendants were dismissed. (Doc. Nos. 9, 23.)

2

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

**III.   ANALYSIS**

Plaintiff claims that on April 4, 2014, Defendant Lloyd subjected him to a strip search. (Doc. No. 8 at 1.) This search uncovered a piece of paper which tested positive for marijuana. (*Id.*) Plaintiff characterizes this search as 'humiliating' and argues that Lloyd could have used less intrusive methods, such as an X-Ray or an unspecified 'mechanical device' to detect any narcotics. (*Id.*) He also contends that Lloyd had no reason to suspect him of possessing narcotics insofar as he had not had any contact with the outside world and no prior history of using drugs. (*Id.*)

Defendant Lloyd argues he is entitled to qualified immunity. Qualified immunity protects officials who acted in an objectively reasonable manner and shields a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional

3

rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. *McClendon v. Story County Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001).[4] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009).

Defendant Lloyd argues qualified immunity is appropriate because the facts alleged do not amount to a violation of Plaintiff's constitutional rights. Specifically, he contends that a visual body cavity search is not a *per se* violation of the Fourth Amendment and this type of search can be conducted on less than probable cause. *Bell v. Wolfish*, 441 U.S. 520, 560 (1979). I agree. This circuit has emphasized that "detention facilities are fraught with serious security dangers, and that correctional institutions have a strong interest in preventing and deterring the smuggling of money,

---

[4]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009) (quoting *Pearson v. Callahan*, 555 U.S. at 236).

drugs, weapons, and other contraband." *Story v. Foote*, 782 F.3d 968, 971 (8th Cir. 2015) (internal citations omitted). To that end, both the United States Supreme Court and this circuit have upheld the use of body cavity searches as a means of maintaining institutional security in prison facilities. *See, e.g., Florence v. Board of Chosen Freeholders of County of Burlington*, 132 S. Ct. 1510, 182 L. Ed. 2d 566 (2012); *Goff v. Nix*, 803 F.2d 358 (8th Cir. 1986). Courts have held that such searches should be conducted by officers of the same sex as the individual being searched. *Richmond v. City of Brooklyn Ctr.*, 490 F.3d 1002, 1008 (8th Cir. 2007). They have also held that these searches must not be done in a "in a degrading, humiliating or abusive fashion." *Story*, 782 F.3d at 972-973. Here, the search in question was performed by an officer of the same sex as the Plaintiff and there is no indication that any element of the search was undertaken in an abusive fashion. Plaintiff's vague allegation that the search was humiliating, absent reference to some specific element which was unwarranted or abusive, is insufficient to conclude Lloyd's search was improper.

Plaintiff's contention that other, less intrusive search methods would have accomplished the same purpose is also insufficient to overcome qualified immunity. This circuit has held that "[t]he Fourth Amendment does not require officers to use the least intrusive or less intrusive means to effectuate a search but instead permits a range of objectively reasonable conduct." *Shade v. City of Farmington*, 309 F.3d 1054, 1061 (8th Cir. 2002). I find that Lloyd's search falls within the category of objectively reasonable conduct.

Plaintiff's last argument against the search - that it was conducted without cause - is also insufficient to defeat summary judgment. Lloyd submits, by way of his sworn affidavit, that he had received information on April 4, 2014, indicating Plaintiff might have narcotics concealed on his person. (Doc. No. 29-2 at 1.) Accordingly, I conclude the decision to search Plaintiff was reasonable.

Finally, it is unclear if Plaintiff is maintaining a due process claim against Lloyd based on an inability to call witnesses at his disciplinary hearing. To the extent he is, it is also barred by qualified immunity. Taking Plaintiff's allegations as true, there is no suggestion that Lloyd, an Investigative Specialist Technician, had any control over disciplinary hearing procedures. Moreover, the only explicitly mentioned due process claim against Lloyd was premised on his failure to appear at the hearing so that Plaintiff could confront him. (Doc. No. 2 at 6.) The Confrontation Clause claims were previously dismissed, however. (Doc. No. 9 at 6.)

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. The Clerk of Court alter the docket to reflect that Defendant "Lloyd" is "Jeremy Lloyd."

2. Defendant Lloyd's Motion for Summary Judgment (Doc. No. 27) be GRANTED and Plaintiff's claims against him be DISMISSED with prejudice.

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

Dated this 25th day of April, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE